UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IBRAHIM NIMER SHIHEIBER,

Plaintiff,

v.

SUPERIOR COURT OF SAN JOAQUIN COUNTY, et al.,

Defendants.

Case No. 2:26-cv-02681-DJC-CSK (PS)

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE

(ECF No. 2)

Plaintiff Ibrahim Nimer Shiheiber is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit is incomplete.

## I. LEGAL STANDARDS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. County of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty")).

## II. DISCUSSION

Plaintiff's IFP application does not contain an affidavit that satisfies the requirements under 28 U.S.C. § 1915. Plaintiff's affidavit fails to establish that he is entitled to prosecute this case without paying the required fees. Although Plaintiff states he is currently unemployed, Plaintiff fails to disclose whether he receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," "Disability, or worker's compensation payments," "Gifts, or inheritances," or any other sources. (ECF No. 2 at 1 ¶¶ 2, 3(a)-(f).) Plaintiff also states he has $0.00 in cash or a checking or savings account but does not specify whether he owns any "automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value." *Id.* at 2 ¶¶ 4-5. Plaintiff does not explain how he sustains $5,300 in monthly expenses without any income. *See id.* at 2 ¶ 6.

Because of these omissions, the Court cannot determine whether Plaintiff qualifies for IFP status. The Court will provide Plaintiff an opportunity to file an amended IFP application. Accordingly, the Court DENIES without prejudice Plaintiff's application to proceed IFP due to his failure to meet his burden based on his deficient affidavit. *See Williams*, 443 F. App'x at 233.

## III. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice; and
2. Plaintiff may file his renewed IFP application within thirty (30) days from the date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

Dated: November 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, shih.2681.26